**MARK S. SMITH**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 Third Ave. North, Suite 400
Billings, MT 59101
Phone: (406) 657-6101
FAX:   (406) 657-6989
Email: mark.smith3@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
BILLINGS DIV.

2010 SEP 2 PM 4 27

PATRICK E. DUFFY, CLERK

BY _____
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BUTTE DIVISION

| UNITED STATES OF AMERICA, | CR 10-19-BU-JCL |
|---|---|
| Plaintiff, | |
| vs. | |
| CONFLUENCE CONSULTING, INC., | **PLEA AGREEMENT** |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

1            AUSA / Def. / Def. Atty

the United States of America, by Mark S. Smith, Assistant United States Attorney for the District of Montana, and the defendant, Confluence Consulting, Inc., by and through its owner and principal, James Lovell, and its attorney, Larry Jent, have agreed upon the following:

1. James Lovell acknowledges that Confluence Consulting has been charged in an Information with violations of 33 U.S.C. §1311(a).

2. James Lovell has read the charges against Confluence Consulting contained in the Information and those charges have been fully explained to him by defense counsel.

3. James Lovell fully understands the nature and elements of the crimes with which Confluence Consulting has been charged.

4. The Corporation will enter a voluntary plea of guilty to Count I of the Information.

5. *Nature of the Agreement*: The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement

2   AUSA   Def.   Def. Atty

will be fulfilled provided that the United States makes the recommendations contained in ¶11. James Lovell understands that if the agreement is accepted by the Court, Confluence Consulting will not have an automatic right to withdraw its plea even if the Court does not accept or follow the recommendations made by the United States. Rule 11(c)(3)(B), (d)(2)(A), *Federal Rules of Criminal Procedure.*

*Effect of Withdrawal from the Agreement:* The parties stipulate and agree that if the defendant moves to withdraw its guilty plea, entered pursuant to and receiving the benefits of this agreement, and if it successfully withdraws its plea either in the district court or on appeal, that this agreement will become null and void.

Moreover, if the defendant at any time after judgment is entered obtains dismissal, reversal or remand of the count or counts of conviction for any reason, the United States will be permitted, by agreement of the parties, to restore all original charges either dismissed or not filed pursuant to this plea agreement. The defendant, in that circumstance, expressly waives any claim of double jeopardy or right to have this agreement enforced. In such event, the defendant

3   
AUSA  Def.  Def. Atty

waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act, or any other potential restriction on the re-institution of counts dismissed, or institution of counts surrendered, as part of the consideration given by the prosecution in this agreement.

6. *Admission of Guilt:* The defendant will plead guilty because it is in fact guilty of the charge contained in Count I of the Information. In pleading guilty, the defendant acknowledges that on or about March 22, 2007, in the State and District of Montana, the defendant, Confluence Consulting, Inc., did negligently and unlawfully discharge pollutants into the East Gallatin River, a water of the United States, contrary to conditions contained in a permit issued by the U.S. Army Corps of Engineers, in violation of the Clean Water Act, 33 U.S.C. §1311(a).

7. *Maximum Punishment Provided by Law:* James Lovell understands the charge to which the corporation will plead guilty carries a penalty of not more than one year imprisonment and a $25,000 fine per day of violation. 33 U.S.C. § 1319(a)(6)(C)(1).

4

AUSA   Def.   Def. Atty

8. *Elements of the Charge:* James Lovell has been advised of the nature of the charge made against Confluence Consulting and the elements of the crime to which the corporation is entering a guilty plea. James Lovell understands that if the case were to go to trial the government would be required to prove each and every element of the crime. James Lovell acknowledges that these are the elements of the crime charged in Count I of the Information:

(a) On or about March 22, 2007, in the state and District of Montana, Confluence Consulting negligently discharged pollutants;

(b) That such discharge went into the East Gallatin River, a water of the United States;

(c) That such discharge was contrary to conditions contained in a permit issued by the U.S. Army Corps of Engineers.

9. *Recitation of Rights:*

(a) During the entry of any plea pursuant to this plea agreement, the government has a right to use against the defendant, or

James Lovell, in a prosecution for perjury or false statement, any statement that the James Lovell gives during any such plea colloquy.

(b) If Confluence Consulting persisted in a plea of not guilty to the charges against it, it would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury.

(c) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(d) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and its attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless after hearing all the evidence, it was persuaded of the defendant's guilt beyond a

6    AUSA  Def.  Def. Atty

reasonable doubt.

(e) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in its own behalf. If the witnesses for the defendant would not appear voluntarily, it could require their attendance through the subpoena power of the court.

(g) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal its conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle it to reversal of the conviction.

7

AUSA  Def.  Def. Atty

(h) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

10. *Waiver of Rights by Plea:* The defendant understands that by pleading guilty pursuant to this agreement, it is waiving all the rights set forth in the prior paragraph. The defendant's attorney has explained those rights to James Lovell, and the consequences of waiver of those rights.

11. Recommendations:

(a) The United States and the defendant reserve all right, without condition, to make any appropriate sentencing recommendation.

(b) The United States will recommend that the defendant be fined $10,000, as an appropriate penalty for the violations specified in Count I of the information. The defendant agrees with this

8    AUSA  Def.  Def. Atty

recommendation.

(c) The United States will recommend that the defendant be given a two point credit for acceptance of responsibility, USSG § 3C1.1, unless the defendant is found to have obstructed justice prior to sentencing or is found to have otherwise acted in a manner inconsistent with acceptance of responsibility.

(d) The United States reserves the right to object to or comment upon the applicability, or inapplicability, of any adjustment or enhancement to be used in the advisory sentencing guideline calculation. The United States further reserves the right to object to a sentence outside the advisory guideline range determined by the Court.

(e) Both parties acknowledge that the Court is not bound by the recommendations of either party, and may sentence the defendant to a sentence anywhere within the advisory Guideline range or may impose any reasonable sentence outside that guideline range.

(f) Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be

9   AUSA / Def. / Def. Atty

reasonable.

12. Both parties acknowledge that the prosecution has no authority to bind the U.S. Probation Office or the Court with respect to guideline enhancements or adjustments they deem appropriate.

13. *Voluntary Plea:* The defendant and its attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement to induce the defendant to plead guilty.

14. *Special Assessment/ Financial Obligations:* The defendant recognizes that it will be responsible for a mandatory assessment of $125 pursuant to 18 U.S.C. § 3013 of the Comprehensive Criminal Control Act. The defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately, and subject to immediate enforcement by the United States. Furthermore, the defendant agrees to provide all financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the

10   AUSA   Def.   Def. Atty

defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods available to the United States to enforce the judgment.

15. *Waiver of Appeal:* The defendant waives any and all right to directly appeal the sentence.

16. *Entire Agreement:* Any statements or representations made by the United States, the defendant, or its counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

        MICHAEL W. COTTER
        United States Attorney

        _/s/_
        MARK S. SMITH

11    AUSA  Def.  Def. Atty

Assistant U. S. Attorney
Dated: _8-17-2010_

_[signature]_
JAMES LOVELL
Owner & Principle of Confluence Consulting, Inc.
Defendant
Dated: _8/11/2010_

_[signature]_
LARRY JENT
Defense Counsel
Dated: _8/11/2010_